IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02983-BNB

RODNEY A. SMITH,

Plaintiff,

v.

MS. DEBRA WEBB, Assistant D.A. of Denver County, and
CARLA VARNOLD, Director of Human Resources for Grand Peaks Property Mgt.,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Rodney A. Smith, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional complex in Buena Vista, Colorado. Mr. Smith filed *pro se* a prisoner complaint pursuant to 42 U.S.C. § 1983 and other statutory authority. He asks for unspecified money damages and declaratory relief. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Smith's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Smith will be directed to file an amended complaint.

Mr. Smith complains that during his trial in May 2010, Defendant Debra Webb, an assistant Denver district attorney, needed information about him. He further

complains that Ms. Webb went to Mr. Smith's place of employment and illegally obtained his personnel files from Defendant, Carla Varnold, director of human services for Grand Peaks Property Management. On the basis of these allegations, Mr. Smith asserts two nearly identical claims, each apparently alleging that Defendants violated his Fourth Amendment right to be free from an unreasonable search and seizure and his Fourteenth Amendment due process rights. However, Mr. Webb fails to explain how the information Ms. Webb obtained from Ms. Varnold affected his conviction.

To the extent Mr. Smith is challenging his conviction, his claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In addition, Mr. Smith's claims against Ms. Webb are barred by absolute prosecutorial immunity because "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); Hunt v. Bennett, 17 F.3d 1263, 1267 (10th Cir. 1994). Because the alleged actions occurred in the course of her role as a prosecuting attorney, Defendant Webb is entitled to absolute prosecutorial immunity.

In any event, Mr. Smith's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.

*See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Smith to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Smith fails to set forth a short and plain statement of his claims showing that he is entitled to relief because the complaint is vague. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Therefore, Mr. Smith will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. It is Mr. Smith's responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The amended complaint must provide "a generalized statement of the facts from which the defendant may form a

responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

In the amended complaint, Mr. Smith must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Smith must show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Smith may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Smith uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Smith, therefore, will be directed to file a second amended complaint on the Court-approved complaint form that asserts his claims clearly and concisely, alleges what rights were violated, and provides specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Rodney A. Smith, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Smith shall obtain the Court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Smith fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will dismiss the complaint and the action without further notice.

DATED January 31, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge