IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02983-BNB

RODNEY A. SMITH,

    Plaintiff,

v.

DAWN M. WEBER, Assistant D.A. of Denver County, and
CARLA VARNOLD, Director of Human Resources for Grand Peaks Property Mgt.,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE
THIRD AND FINAL AMENDED COMPLAINT

    Plaintiff, Rodney A. Smith, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional complex in Buena Vista, Colorado. Mr. Smith filed *pro se* a prisoner complaint pursuant to 42 U.S.C. § 1983 and other statutory authority. He asked for unspecified money damages and declaratory relief. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    On January 31, 2012, the Court ordered Mr. Smith to file an amended complaint on the Court-approved form that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and asserted each defendant's personal participation in the alleged constitutional violations. The Court warned Mr. Smith that, if he failed to file an amended complaint that complied with the January 31 order to the Court's satisfaction, the complaint and the action would be dismissed without further notice.

On February 23, 2012, Mr. Smith submitted two different amended complaints, neither of which was on the Court-approved form and both of which were single spaced in violation of Rule 10.1E. of the Local Rules of Practice for this Court.  The Court must construe Mr. Smith's filings liberally because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.

The amended complaints will not be dismissed for failure to comply with the January 31 order.  Instead, Mr. Smith will be given one final opportunity to file a single amended complaint as directed.  The third and final amended complaint must comply with the directives in the January 31 order.  In addition, the third and final amended complaint must be double spaced in compliance with D.C.COLO.LCivR 10.1E. and must be on the Court-approved form in compliance with D.C.COLO.LCivR 8.1A., which requires that "[a] pro se party shall use the forms established by this court to file an action."

The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms and rejected constitutional challenges to such rules.  *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's

complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his ability to refile, based on his repeated refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action).

If Mr. Smith fails to submit a third and final amended complaint that complies with the directives of this order and the January 31 order, the Court will deny the amended applications and dismiss this action.

Accordingly, it is

ORDERED that Plaintiff, Rodney A. Smith, file **within thirty (30) days from the date of this order** a third and final amended complaint that complies with the directives of this order and the order of January 31, 2012.  It is

FURTHER ORDERED that Mr. Smith shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov and use that form in submitting the third and final amended complaint  It is

FURTHER ORDERED that, if Mr. Smith fails to file a third and final amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will dismiss the amended complaints and the action without further notice.

DATED March 21, 2012, at Denver, Colorado.

> BY THE COURT:
>
> s/ Boyd N. Boland
> United States Magistrate Judge