IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02983-BNB

RODNEY A. SMITH,

      Plaintiff,

v.

DAWN M. WEBER, Assistant District Attorney, Denver County, in her individual
    and official capacities, and
CARLA VARNOLD, Director of Human Resources, Grand Peak Property Mgt., in her
    individual capacity,

      Defendants.

_____

ORDER OF DISMISSAL

_____

Plaintiff, Rodney A. Smith, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the correctional facility in

Buena Vista, Colorado.  On April 12, 2012, Mr. Smith filed *pro se* a third and final

amended civil rights complaint (ECF No. 14) pursuant to 42 U.S.C. §§ 1983, 1985, and

1986 challenging his state court criminal conviction.

Mr. Smith has been granted leave to proceed pursuant to the federal *in forma*

*pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to

dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks

monetary relief against a defendant who is immune from such relief.  A legally frivolous

claim is one in which the plaintiff asserts the violation of a legal interest that clearly does

not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*,

490 U.S. 319, 324 (1989).  Under § 1983, a plaintiff must allege that the defendants

have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970).

Mr. Smith is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Smith's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons set forth below, the third and final amended complaint and the action will be dismissed as legally frivolous.

Mr. Smith, who alleges he is African-American, contends that on May 4, 2010, during his criminal trial, Defendant Dawn M. Weber, an assistant Denver district attorney and the prosecuting attorney in his case, conspired with Defendant Carla Varnold of Grand Peaks Property Management, his former employer, to obtain his personnel files so they could be admitted into evidence during his trial in order to prejudice the jury. He complains that Ms. Weber obtained the personnel information without a warrant and without Plaintiff's consent. On the basis of these allegations, Mr. Smith asserts Fourth Amendment claims of illegal search and seizure (claims one and three), and a Fourteenth Amendment claim of property deprivation without due process

2

and equal protection violations (claim two).  As relief, he asks for money damages and injunctive relief, i.e., the return of the illegally seized property.

Mr. Smith's damages claims lack merit and may be dismissed because Mr. Smith may not sue the named Defendants for the alleged constitutional violations.  Despite his allegations to the contrary, Mr. Smith's claims against Ms. Weber are barred by absolute prosecutorial immunity.  "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994).  Therefore, the claims for damages against Ms. Weber are dismissible pursuant to § 1915(e)(2)(B)(iii) because Mr. Smith seeks damages against a Defendant who is immune from such relief.

Mr. Smith's damages claims against Ms. Varnold also must be dismissed as legally frivolous under § 1915(e)(2)(B)(i).  As previously stated, to state a claim for relief under § 1983, a plaintiff must allege that the defendant deprived him of a constitutional or federal statutory right while acting under color of state law.  *See Adickes*, 398 U.S. at 151.  The state law requirement of § 1983 necessarily "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted); *see also Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) (discussing state action requirement under both § 1983 and § 1985(3)).  Private persons jointly engaged with state officials in prohibited action may act under "color of law" for purposes of § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  However, the third and

3

final amended complaint is devoid of any allegations to suggest that Ms. Varnold acted

under color of state law.  The fact that she worked with the state prosecutor to provide

employment information for Mr. Smith's trial does not transform Ms. Varnold into a state

actor.  As such, the allegations necessarily do not show joint activity between Ms.

Varnold and a state actor to deprive the Plaintiff of his federal rights.

The conspiracy claims should be dismissed because Mr. Smith has failed to make

factual allegations to support a claim asserting the racial or class-based discriminatory

animus required for a § 1985 conspiracy, *see Brooks v. Gaenzle*, 614 F.3d 1213, 1227

(10th Cir. 2010), and his conclusory allegations of conspiracy are insufficient to state a §

1983 claim.  *Id.* at 1228.  Therefore, the conspiracy claims will be dismissed as legally

frivolous under § 1915(e)(2)(B)(i).

Lastly, Mr. Smith claims a Fourth Amendment search-and-seizure violation based

on Ms. Varnold's release of his personnel records to Ms. Weber.  However, Mr. Smith

has no right to the relief he seeks, i.e., the return of his personnel files, because the

personnel records are the property of his former employer.  The records do not belong

to Mr. Smith.  Moreover, Mr. Smith fails to provide the Court with any authority indicating

that he has a privacy interest in the personnel files maintained by his former employer,

and he lacks a reasonable expectation of privacy in his personnel file.  *See Roberts v.*

*Mentzer*, 382 F. App'x 165 (3d Cir. 2010) (citing *O'Connor v. Ortega*, 480 U.S. 709, 717

(1987).  Therefore, Mr. Smith's Fourth Amendment claim is without merit, and will be

dismissed as legally frivolous pursuant to § 1915(e)(2)(B)(i).  Because the personnel

files belong to his former employer, Mr. Smith cannot support a claim of property

4

deprivation without due process.  He fails to allege any facts in support of an equal protection claim.  The third amended complaint and the action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Smith files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the third and final amended complaint (ECF No. 14) and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to filing an appropriate motion in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  7th  day of    May         , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

5